# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

JOUNG RAE YI,   Case No. 07-13041-RGM
                (Chapter 7)
　　　Debtor.

### MEMORANDUM OPINION

THIS CASE is before the court on a proposed reaffirmation agreement by and between the debtors and Toyota Motor Credit Corporation (Docket Entry 48). The debtors are represented by counsel who, pursuant to 11 U.S.C. §524(c)(3), may have properly completed Part C of the reaffirmation agreement, by checking the certification that in counsel's opinion the debtors are able to make the required payment in light of the presumption of undue hardship. There is doubt as to whether Part C was properly completed because counsel did not check the appropriate box at the top of page 1 indicating whether a presumption of undue hardship exists. Additionally, the proposed agreement fails to comply with Interim Federal Rule of Bankruptcy Procedure 4008.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of §524(c) are satisfied. One subsection, §524(c)(2), requires that the debtor receive the disclosures described in §524(k) before or at the time he signs the reaffirmation agreement. Section 524(k)(6)(A) requires completion of Part D. (The applicability of the presumption of undue hardship turns on the figures provided by the debtor in Part D. *See* 11 U.S.C. §524(m)(1).) In this case, Part D, "Debtor's Statement in Support of Reaffirmation Agreement", is signed by the debtors and reflects income of $2,000.00 and expenses of $1,000.00, leaving $1,000.00 with which to make the reaffirmed debt payment. Schedule I and J differ from

1

these amounts.  There is no explanatory note accompanying the debtor's statement under §524(k) as required by Interim Federal Rule of Bankruptcy Procedure 2008.  Since §524(k) was not complied with, §524(c)(2), which incorporates §524(k), was not complied with either.  Because all of the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

    Alexandria, Virginia
    April 1, 2008

    /s/ Robert G. Mayer
    Robert G. Mayer
    United States Bankruptcy Judge

Copy electronically to:

David Edgar Jones
Valerie Sato

Copy mailed to:

Melissa Wakatani / Asset Protection Analyst
Toyota Motor Credit Corporation
19001 S. Western Avenue WF 21
Torrance, California 90509

14158